**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anna PATEJ, Defendant–Appellant.**

No. 03–1362.

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2004.

Kenneth L. Greene, John Schumann, U.S. Department of Justice, Tax Division, Appellate Section, Washington, DC, for Plaintiff–Appellee.

Anna Patej, Royal Oak, MI, pro se, for Defendant–Appellant.

Before SUHRHEINRICH and CLAY, Circuit Judges; and GWIN, District Judge.[*]

## ORDER

Anna Patej appeals a district court grant of summary judgment for the government in this tax collection case filed under 26 U.S.C. §§ 7401 & 7403. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The government filed the instant complaint to collect unpaid federal income tax assessments against Patej's ex-husband, Dr. Salah Gouda, by setting aside the fraudulent purchase of a home at 2158 Haverford Court in Troy, Michigan, held in tenancy by the entireties with Patej. Dr. Gouda sought leave to intervene in the action, which the district court denied. Following discovery, the government moved for summary judgment, and Patej responded in opposition. After the government filed a reply, the district court granted summary judgment for the government. Patej filed a motion to reconsider the judgment, which the district court denied. Patej filed a timely notice of appeal.

On appeal, Patej contends that her interest in the home is not subject to the government's tax liens and that the government did not establish that the purchase of the home was fraudulent. The government responds that the district court correctly rejected Patej's claims on appeal. A panel of this court denied Patej's motions: (1) to stay execution of district court orders to vacate the Haverford Court home and appointing a receiver in this matter; and (2) to "vacate execution of judgment pending notice of appeal"; however, the panel granted Patej's motion to expedite this appeal. *United States v. Patej*, No. 03–1362 (6th Cir. May 9, 2003) (unpublished).

Upon de novo review, *see Hatchett v. United States*, 330 F.3d 875, 879–80 (6th Cir.2003), we affirm the judgment for the reasons stated by the district court in its order granting plaintiff's motion for summary judgment filed October 9, 2002, and

---

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

in its order denying defendant's motion for reconsideration filed January 17, 2003. Essentially, the district court correctly concluded that no genuine issue of material fact remained for trial with respect to whether Gouda purchased the home at issue with intent to defraud the government. Patej objects to the admissibility of a letter that clearly evinced Gouda's intent to defraud on the ground of attorney-client privilege. A privileged communication: (1) seeks legal advice; (2) from a legal advisor; (3) relating to that purpose; (4) made in confidence; (5) made by the client; (6) is permanently protected at the client's instance; (7) is protected from disclosure by himself or the legal dvisor; and (8) is subject to waiver of the privilege. *Reed v. Baxter,* 134 F.3d 351, 355–56 (6th Cir.1998). Here, the district court correctly concluded that Patej lacked standing to assert Gouda's privilege in this case because she was not the client. *See United States v. Prod. Plated Plastics, Inc.,* 129 F.Supp.2d 1099, 1106 (W.D.Mich.2000). Moreover, the letter arguably is admissible in any event as evidence of fraud. *See In re Antitrust Grand Jury,* 805 F.2d 155, 162–64 (6th Cir.1986). Further, it is noted that the government also implies that the privilege does not apply because, as observed by the district court, the government apparently obtained the letter not from the legal advisor or from Gouda, but in response to a summons issued to Gouda's medical practice. Finally, the district court correctly concluded that Patej had only an inchoate dower interest when the tax lien was filed. *See In re Wheeler,* 252 B.R. 420, 426 (W.D.Mich.2000). Accordingly, Patej's claims on appeal lack merit.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.